UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN T. HILL,<br><br>               Plaintiff,<br><br>         v.<br><br>JIM BONNIFIELD, et al.,<br><br>               Defendants. | Case No. CV 19-8989-MWF(JC)<br><br>**ORDER (1) ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE IN PART; (2) DENYING PLAINTIFF'S VARIOUS REQUESTS; AND (3) DISMISSING ACTION WITH PREJUDICE** |

The procedural history of this case is lengthy and somewhat complicated due primarily to Plaintiff's multiple, repeated filings. That history has been documented in the numerous screening orders issued by the Court and the assigned Magistrate Judge, the Court's orders accepting the Magistrate Judge's prior screening orders, and the Report and Recommendation filed by the Magistrate Judge ("Report"). (Docket Nos. 16, 30, 45, 48, 67). The parties are familiar with that history, as is the Court, and it will not be repeated.

As relevant here, before the Court are the following matters: (1) the Motion to Dismiss filed by the remaining Defendants in this action seeking dismissal of the operative Second Amended Complaint ("SAC") ("Motion to Dismiss," Docket No. 55); (2) Plaintiff's Request for Judgment of Default ("First Default Request," Docket

-1-

1  No. 57); (3) the Report (Docket No. 67); (4) Plaintiff's Notice of Intent to Stand Upon
2  the SAC as Filed ("Notice of Intent," Docket No. 69); (5) Plaintiff's Second Request
3  for Default ("Second Default Request," Docket No. 70); (6) Plaintiff's Request for
4  Sanctions against Defendants' counsel ("Sanctions Request," Docket No. 73); (7)
5  Plaintiff's Request to Certify Orders as Final Judgment for Immediate Appeal
6  ("Appeal Certification Request," Docket No. 74)[1]; and (8) Plaintiff's Objections to the
7  Report ("Objections," Docket No. 80).

Pursuant to 28 U.S.C. § 636, the Court has reviewed all filings related to the Motion to Dismiss and Report, Plaintiff's other various filings and requests, and other relevant records on file.

Plaintiff pinpoints two primary grounds that form the basis of his objections. (Docket No. 80 at 2 (citing Report at 3-4), 6 (citing Report at 12-13). While the Court has reviewed the entire Report, to the extent Plaintiff has failed to specifically object to other aspects of it, the statute does not require such review by this Court or an appellate court. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute [pertaining to objections review] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). Furthermore, although an individualized analysis is also not required, in an abundance of caution the Court briefly discusses Plaintiff's points. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

---

[1] Matters 5, 6, and 7 are referred to collectively as Plaintiff's "Subsequent Requests" because they were filed after the Report.

1          First, Plaintiff continues to maintain that entry of default is warranted based on Defendants' failure to respond to the SAC within twenty-one days of the Court's Order Re Service of Process and issuance of summons.  (Docket No. 80 at 2-5).  Plaintiff also raises this in his Second Default Request.  (Docket No. 70, 2-3).  However, as the Report adequately explains, Defendants timely responded.  (Docket No. 67 at 4).  More importantly, even if the Court were to assume Defendants missed the response deadline, default would nonetheless be inappropriate.  Entry of default is required only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Generally, as here, when a party has defended an action by filing a motion to dismiss, even if untimely, default is not favored or warranted.  *See Nathan v. Fry's Elecs. Inc*., 607 F. App'x 623, 624 (9th Cir. 2015) (affirming denial of a motion for default where motion to dismiss was filed before clerk acted on request for entry of default); *Harper v. City of Monterey*, 519 F. App'x 503, 503 (9th Cir. 2013) (affirming denial of request for default where defendant had filed motion to dismiss); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("[T]he general rule [is] that default judgments are ordinarily disfavored.  Cases should be decided upon their merits whenever reasonably possible.").

         Second, Plaintiff objects to the Report's conclusion that he failed to state a First Amendment free-exercise claim.  (Docket No. 80 at 6-8).  But, as he admits, he mostly repeats arguments he has already extensively made in prior filings.  (Docket No. 80 at 6 (Plaintiff indicating that he had addressed the sufficiency of his claim "in the Opposition to Dismiss, the Points and Authorities submitted in support thereof, the Declaration attached, the Exhibits[] submitted in support of his Declaration, [and] the Operative [SAC] . . .).  The Magistrate Judge considered those filings and the Report adequately addressed how the SAC pleads insufficient facts to state a claim.  (Docket 67 at 12-13).  Notably, however, Plaintiff also appears to content in the Objections that his claims are "not predicated [on his] being admitted to or removed from the

[prison's Religious Meat Alternative ("RMA")] Program." (Docket No. 80 at 7). That, however, is belied by the SAC. (Docket No. 44 at 15 (contending that Plaintiff was informed he was no longer on the RMA list, signifying he was "terminated from [the] program in violation of [his] First Amendment Constitutional Rights . . ..").

Accordingly, the Objections are **OVERRULED** and the Court accepts the Report's recommendation to deny the First Default Request and grant the Motion to Dismiss.

Regarding the next steps in this action, the Report also recommends that Plaintiff be given leave to amend and provided him multiple options, including filing a Third Amended Complaint or filing a Notice of Intent to Stand on the SAC, which the Report cautioned may result in the dismissal of this action based upon the SAC defects identified in the Report. (Docket No. 67 at 3, 13-14). Since the filing of the Report, Plaintiff has elected to stand on the SAC. (Docket No. 69). Accordingly, there is no need to afford Plaintiff further leave to amend, and the Court declines to adopt that portion of the Report. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (when plaintiff elects to stand on complaint dismissed with leave to amend, district court should enter final order dismissing claims with prejudice); *see also Lopez v. City of Needles, Cal.*, 95 F.3d 20, 22 (9th Cir. 1996) ("[F]iling of [a notice of intent not to file an amended complaint] gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action . . ..").

Finally, in light of the Court's Order below directing the Clerk to enter a final Judgment, and because they do not advance any plausible grounds to warrant relief, the Subsequent Requests are **DENIED**.

///
///
///
///

**IT IS THEREFORE ORDERED** that:

(1) The Report is **ACCEPTED** and adopted as the Court's own findings and conclusions;

(2) Plaintiff's First and Second Default Requests, and Sanctions Request are **DENIED** (Docket Nos. 57, 70, 73);

(3) Defendants' Motion to Dismiss is **GRANTED** (Docket No. 55);

(4) The SAC (Docket No. 44), and this action, are **DISMISSED** with prejudice; AND

(5) Plaintiff's Appeal Certification Request (Docket No. 74) is **DENIED** as unnecessary and moot by this Order, and without prejudice to Plaintiff filing a timely notice of appeal.

**IT IS SO ORDERED.**

Dated: April 12, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge